UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                    Case No. 18-CR-237 (NJ)

GABRIEL LEE BROWN,

          Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO REOPEN DETENTION HEARING**

The United States of America, by and through its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Philip T. Kovoor, Assistant United States Attorney, hereby respectfully submits this response to the defendant's motion to reopen the detention hearing. ECF No. 11. The United States relies on and incorporates its arguments at the initial detention hearing and continues to recommend detention based upon the presumption for detention in Title 18, United States Code, Section 3142(e) and the factors in Title 18, United States Code, Section 3142(g), which weigh in favor of detention.

**PROCEDURAL HISTORY**

On December 4, 2018, the defendant robbed the Landmark Credit Union, located at 3600 North 124th Street in Wauwatosa, Wisconsin. Minutes later he fled from the police, leading them on a high-speed chase on crowded commercial and residential streets. The defendant was apprehended while fleeing on foot with the bank's money, the bait bills, and a GPS tracking device.

A loaded revolver was found lying on the driver's side floorboard of the defendant's getaway car. He later confessed to his crimes.

On December 18, 2018, a federal grand jury in the Eastern District of Wisconsin returned an indictment charging the defendant with Bank Robbery, in violation of Title 18, United States Code, Section 2113(a) and Use of a Firearm During a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

The defendant was arrested and arraigned on December 21, 2018. ECF No. 2. At the initial appearance, the United States requested that the defendant be detained pending trial, pursuant to Title 18, United States Code, Section 3142. The defendant, however, by and through his counsel Gabriela Leija, requested a continuance. At the defendant's request, the Court temporarily detained the defendant and adjourned the detention hearing. ECF No. 4.

On December 27, 2018, the U.S. Probation Office filed a pretrial services report that detailed the defendant's social and criminal history and recommended detention because of the defendant's risk to the community.

Only two weeks ago the Court heard the arguments of the parties and issued its order detaining the defendant pending trial. ECF Nos. 6-7.

The defendant now moves to reopen the detention hearing pursuant to Title 18, United States Code, Section 3142(f), which reads in relevant part:

> if the judicial officer finds that information exists that was not known to the movant at the time of the hearing *and* that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphasis added).

## THE INFORMATION WAS KNOWN AT THE TIME OF HEARING

The defendant has not met his burden to reopen the detention hearing. The defendant has presented no new information that warrants a review of the Court's detention order. The defendant's motion rests on complications from his wife's pregnancy and the hardship caused by the defendant's arrest.

Even the defendant, however, does not contend that this is "information . . . that was not known . . . at the time of the hearing." 18 U.S.C. § 3142(f). Instead, the defendant simply says that "[t]his information was not *presented* at [his] initial detention hearing." Def. Motion at 2 (emphasis added).

After receiving a continuance, the defendant had five days to consult with his attorney and his attorney had five days to prepare for the detention hearing. During that time, the U.S. Probation Office conducted a detailed interview of the defendant, spoke with the defendant's wife, and prepared a pretrial services report, which included information about the defendant's family. ECF No. 5 at 1.

At the detention hearing, both sides had an opportunity to present evidence and proffer information. The defendant informed the Court that he was married, had four children, and was expecting another child.

In his motion, the defendant states that his wife has been "hospitalized recently due to severe dehydration." Def. Motion at 2. That said, he fails to specify the "other complications" or the dates of hospitalization. *Id.* He also fails to provide any support for his claim, despite the fact that his wife is a nurse and is familiar with medical records.

Whether intentional or inadvertent, the defendant's failure to present more about his wife's pregnancy to the Court is not a basis for reopening the detention hearing.

## THE INFORMATION IS NOT MATERIAL

Even if the defendant had presented the information, his wife's pregnancy complications would not have had and do not have a "material bearing" on his risk of flight and danger, in light of all the information before the Court.

At the hearing, the United States noted that a rebuttable presumption arose under Title 18, United States Code, Section 3142(e)(3) because the defendant was charged with a violation of Section 924(c) in Count 2 of the Indictment. The United States submitted that an examination of the Section 3142(g) factors showed clear and convincing evidence that the defendant presented a risk of flight and a danger to the community—a risk not reasonably assured by any condition or conditions of release. In support, the United States pointed to the overwhelming evidence against the defendant, his extensive but dated contacts with the criminal justice system, his ties to Delaware, his illegal drug use, his lack of long-term ties to Wisconsin, and his lack of stable employment. The United States also argued that the offense conduct itself demonstrates that the defendant is a flight risk and a danger to the community.

At the hearing, the defendant presented the same essential arguments that he presents here. He asked the Court to release him with GPS location monitoring. In support of that argument, the defendant discussed the nature of the crime, his dated criminal history, and his family ties. In particular, the defendant noted that he had been married since 2016, has four children, and is expecting another child.

The Court ultimately found that the defendant did not rebut the presumption for detention and that the Government had established, by clear and convincing evidence, that no conditions would reasonably assure the safety of the community.

Now the defendant argues that his wife's pregnancy complications merit release. Def. Motion at 2-3. That argument, however, is belied by the evidence. The defendant has repeatedly made reckless, impulsive, and dangerous decisions—with full knowledge that he had a pregnant wife and four children at home. He regularly used crack cocaine. Unemployed and short on rent, he committed a bank robbery while carrying a loaded revolver. When stopped minutes later, he fled from the police in a high-speed chase in broad daylight on crowded streets. He ran multiple stop signs and red lights and nearly struck multiple vehicles. In doing so, the defendant risked his own life, the lives of those police officers, and the lives of those in our community. He made all of those decisions knowing that his wife was pregnant and had four children at home.

The defendant now faces a federal indictment and many years in prison. His wife's pregnancy complications hardly weigh in favor of release. If anything, the defendant has shown that he makes reckless, impulsive, and dangerous decisions under stress. His wife's pregnancy complications suggest that the defendant now poses a greater risk of flight and danger to our community than before.

## CONCLUSION

The United States respectfully requests that the Court deny the defendant's motion to reopen the detention hearing. The defendant has not met his burden to establish that the information was "not known . . . at the time of the hearing" and has a "material bearing" on the defendant's risk of flight and danger. The defendant did not and has not overcome the presumption for detention and should be detained pending trial.

Dated at Milwaukee, Wisconsin this 10th day of January 2019.

                Respectfully submitted,

                MATTHEW D. KRUEGER
                United States Attorney

By:   *s/ Philip T. Kovoor*
        PHILIP T. KOVOOR
        Assistant United States Attorney
        Wisconsin Bar Number: 1104640

        Office of the United States Attorney
        Eastern District of Wisconsin
        517 East Wisconsin Avenue, Room 530
        Milwaukee, Wisconsin 53202
        Telephone: (414) 297-1721
        Fax: (414) 297-1738
        Email: philip.kovoor@usdoj.gov