# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                  Case No. 18-CR-237

GABRIEL LEE BROWN,

    Defendant.

## ORDER ON DEFENDANT'S MOTION
## TO RECONSIDER DETENTION ORDER

Gabriel Lee Brown is charged with robbing a credit union and using and carrying a firearm during a crime of violence. (Docket # 1.) He has pled not guilty. After a conducting a hearing on December 27, 2018, I found that Brown presented a danger to the community and ordered him detained pending trial. (Docket # 7.) Brown seeks reconsideration of that order pursuant to 18 U.S.C. § 3142(f)(2). (Docket # 11.) The government has responded in opposition. (Docket # 12.)

Under the Bail Reform Act, a defendant may be detained pending trial when the government is able to establish by clear and convincing evidence that the person presents either a serious risk of flight, or a serious risk of danger to another person or the community. *See United States v. Diaz*, 777 F.2d 1236, 1237 (7th Cir. 1985). Section 3142(e) explicitly provides that the court shall order pre-trial detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 1342(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community, the court must consider:

(1)      The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). All of these factors must be balanced in making the ultimate determination of whether a defendant should be released on bond. *See Diaz*, 777 F.2d at 1238 (ultimate decision whether to detain "depends both on personal observation of the defendant and on a weighing of the daunting list of factors in section 3142(g)").

The Bail Reform Act also creates several "rebuttable presumptions" to be applied when determining whether there is any condition or combination of conditions that will reasonably assure the appearance of the defendant at trial and the safety of the community. As relevant here, one of those presumptions applies specifically to persons charged with crimes of violence. 18 U.S.C. § 3142(e). To rebut this presumption, a defendant must come forward with sufficient evidence that he will not flee or endanger the community. *Dominguez*, 783 F.2d at 706. This does not necessarily require a showing that the defendant is not guilty of the crimes charged. *Id.* at 707. Rather, the defendant could also show that "the specific nature of the crime charged, or that something about their individual circumstances, suggest that 'what is true in general is not true in the particular case.'" *Id*. "Any evidence favorable to a defendant that comes within a category listed in § 3142(g) can affect the operation of one or both of the presumptions, including evidence of their marital, family and

employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3)." *Id.* at 707.

Even if a defendant is able to rebut one or both of the presumptions (flight risk or danger to the community), they do not drop out of the detention analysis. The Seventh Circuit explained:

> [They do] not disappear when rebutted, like a "bursting bubble" presumption, nor do they actually shift the burden of persuasion to the defendant. They are "rebutted" when the defendant meets a "burden of production" by coming forward with some evidence that he will not flee or endanger the community if released. Once this burden of production is met, the presumption is "rebutted" . . . . Use of that word in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).

*Id*. at 707; *see also Diaz*, 777 F.2d at 1238. Consistent with a criminal defendant's presumption of innocence, the burden of persuasion remains with the government once the burden of production is met. *Dominguez*, 783 F.2d at 707.

Additionally, a defendant who has been detained can seek to reopen the detention hearing under 18 U.S.C. § 3142(f)(2), which provides as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

At the original detention hearing in this case, after considering the parties' arguments, the bond study report, and the factors under the Bail Reform Act, I determined that Brown presented a danger to the community if released pending trial. Brown asks that I reopen the detention hearing to consider information not presented at his original detention hearing, namely his wife's high-risk pregnancy. Brown submits that his wife was recently hospitalized due to severe dehydration and other complications. Additionally, since his incarceration his wife has had the sole responsibility for

their children and her pregnancy complications have greatly exacerbated the hardship of caring for the children alone.

Incarceration undeniably impacts not just the individual who is incarcerated but their loved ones. I have no doubt that Brown's incarceration has been very hard for his wife, who is experiencing a complicated pregnancy, and for their young children, ages thirteen, seven, six, and one. However, although I am sympathetic to the burden that Brown's pretrial incarceration places on his wife and young children, I do not find that this warrants releasing Brown. Brown is charged with a crime of violence which carries a presumption of detention. Specifically, he is accused of entering a credit union during the lunch hour, jumping over the counter, and taking $10,000, and with using and carrying a firearm in furtherance of the robbery. Beyond these charges themselves, the manner in which he allegedly conducted himself after the crime supports a finding that no condition or combination of conditions can be imposed to protect the community if Brown is released. He allegedly led the police on a high-speed car chase which at times exceeded 90 mph through commercial and residential streets. He allegedly ran multiple stop signs and red lights and nearly struck multiple vehicles. Not deterred by the dangerous high-speed car chase, Brown allegedly continued fleeing on foot. A loaded revolver was found in his car.

Considering these facts and the factors under 18 U.S.C. § 3142(g), I do not find that releasing Brown with GPS monitoring would reasonably protect the community. For these reasons, although I am sympathetic to the serious impact of Brown's incarceration on his family, I respectfully decline to release Brown pending trial in this matter.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 14th day of January, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge