# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

   v.                                                                     **Case No. 18-CR-237**

**GABRIEL LEE BROWN**
    **Defendant.**

## DECISION AND ORDER

The government seeks a pre-trial ruling on certain issues raised in the parties' proposed jury instructions. In this decision, I address the duplicity issue raised in the defense submission.

**I.**

Count one of the indictment alleges that on December 4, 2018, defendant Gabriel Brown did take by force, violence, and intimidation money from the Landmark Credit Union located in Wauwatosa, Wisconsin, in violation of 18 U.S.C. § 2113(a). Count two alleges that on December 4, 2018, defendant knowingly used and carried a firearm during and in relation to a crime of violence and possessed a firearm in furtherance thereof, to wit, the bank robbery charged in count one, in violation of 18 U.S.C. § 924(c).

Based on its filings, the government will at trial present evidence that on December 4, 2018, defendant entered the Landmark Credit Union with his face concealed (but without displaying a firearm), walked to the teller stations, climbed over the counter and took money, then fled the bank. Police responded to an alarm at the bank and, using a GPS device hidden in the stolen money, located defendant. Defendant then led police on a car chase, before

fleeing on foot. After he was taken into custody, the police found a loaded revolver on the driver's side floorboard of the getaway car; the § 924(c) charge is based on this firearm.

**II.**

In his proposed jury instructions, defendant argues that count two is duplicitous. (R. 17 at 4.) Relying primarily on Sixth Circuit cases, he contends that § 924(c) criminalizes two separate and distinct offenses: (1) a use or carry offense, which has "during and in relation to" as its standard of participation, and (2) a possession offense, which has "in furtherance of" as its standard of participation. United States v. Savoires, 430 F.3d 376, 377, 379 (6th Cir. 2005) (citing United States v. Combs, 369 F.3d 925, 930-33 (6th Cir. 2004)); see also United States v. Gamboa, 439 F.3d 796, 810 (8th Cir. 2006) (finding, for double jeopardy purposes, that "using/carrying during and in relation to" and "possession in furtherance of" are separate offenses). As indicated above, count two of the instant indictment alleges both variants within a single charge. Defendant indicates that he is not seeking dismissal of count two; rather, he contends that the duplicity problem can be solved by requiring the government to elect a theory and instructing the jury accordingly.

The Seventh Circuit has not adopted the Sixth Circuit's view that § 924(c) criminalizes two separate and distinct offenses. See United States v. Haynes, 582 F.3d 686, 703 (7th Cir. 2009) (citing United States v. Harvey, 484 F.3d 453, 456 (7th Cir. 2007)); see also United States v. Moore, 363 F.3d 631, 639-40 (7th Cir. 2004), vacated on other grounds sub nom. Jackson v. United States, 543 U.S. 1100 (2005). In Haynes, the district court instructed the jury that to convict under § 924(c) the government must prove that the defendant knowingly possessed a firearm in furtherance of, or knowingly used or carried a firearm during and in relation to, the charged predicate offense. The court of appeals rejected a duplicity argument

2

much like the one defendant makes now, noting that:

> our case law suggests that § 924(c) charges one offense that may be committed in more ways than one. The indictment in Moore charged the defendants with using and carrying a firearm in relation to a crime of violence or drug trafficking offense in violation of § 924(c). One jury instruction tracked the indictment's language. Another stated that the government had to prove "that the defendant used or carried a firearm during and in relation to" the drug trafficking crime or crime of violence. The defendants challenged the instructions, arguing, inter alia, that they were deprived of a unanimous verdict. Moore, 363 F.3d at 639. We found no error, explaining that "where a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count . . . . And proof of any one of those acts conjunctively charged may support a conviction." Id. at 640 (quoting United States v. LeDonne, 21 F.3d 1418, 1427 (7th Cir. 1994)). We thus concluded that the indictment charging the defendants with using and carrying firearms was not duplicitous and found no error in the instructions. Id.
>
> Here, the jury instructions covered the three ways in which § 924(c) may be violated: (1) possessed in furtherance of, and (2) used or (3) carried during and in relation to the drug trafficking crime. Under Moore, the three ways in which § 924(c) can be committed may be alleged in the conjunctive in one count, as they were here, and proof of any one of them will support Black's conviction. Therefore, we conclude that Counts Four and Seven were not duplicitous and there was no error in the § 924(c) instructions.

582 F.3d at 703–04; see also United States v. Arreola, 467 F.3d 1153, 1157 (9th Cir. 2006) (finding, based on statutory text, legislative history, the type of conduct proscribed, and the appropriateness of multiple punishments, that § 924(c) creates only one offense).

Haynes was decided on plain error review, but the court found no error, plain or otherwise, in the district court's instructions, and defendant provides no basis for adopting the Sixth Circuit's contrary position or for rejecting the well-reasoned decision in Arreola.[1] Nor,

---

[1] While defendant confines his request in this case to the jury instructions, a holding that the two clauses of § 924(c) create separate offenses could lead to multiple counts (and multiple punishments) for one contiguous act, as the court noted in Arreola, 467 F.3d at 1160. The government asked for a pre-trial ruling in this case so it could, if necessary, go back to the grand jury.

3

duplicity aside, does he explain why the court should adopt his proposal.

The government indicates that while it will not proceed on a "use" theory, it does not want to elect between "carry" and "possess." The government suggests that the jury be instructed in the alternative and in a single instruction with the "possession" and "carry" prongs. (R. 20 at 7-11.) I will at the final pre-trial discuss specific language with counsel.

**III.**

**THEREFORE, IT IS ORDERED** that the government's motion for pre-trial ruling on proposed jury instructions (R. 20) is granted in part, as stated herein.

Dated at Milwaukee, Wisconsin, this 8th day of April, 2019.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge