# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

   v.                                               **Case No. 18-CR-237**

**GABRIEL LEE BROWN**
    **Defendant.**

## DECISION AND ORDER

The government charged defendant Gabriel Brown with bank robbery, 18 U.S.C. § 2113(a), and carrying a firearm during and in relation to/possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). The case is set for trial on April 29, 2019, and the parties have filed several motions in limine. I address herein the government's motion in limine seeking admission of a 911 call.

**I.**

The government alleges that on December 4, 2018, defendant entered the Landmark Credit Union, jumped over the teller counter and took money, then fled the bank. Police responded to a silent alarm and 911 call from the bank, and, using data from a GPS tracker hidden in the stolen money, located defendant, who led them on a high speed car chase, before fleeing on foot. After defendant was taken into custody, the police found a revolver on the driver's side floorboard of the getaway car. As the parties have indicated in their submissions and at previous hearings, the disputed issues for trial will be whether the government can establish that defendant took the money by means of "intimidation" on the § 2113 count, and whether the government can establish the necessary connection between the

firearm and the robbery on the § 924(c) count.

**II.**

The government seeks an order permitting it to play at trial the 911 call made after the robbery.[1] The government argues that the caller's statements constitute present sense impressions, Fed. R. Evid. Evid 803(1), or excited utterances, Fed. R. Evid. 803(2), and are thus exempt from the general rule barring admission of hearsay, see Fed. R. Evid. 802. The government further argues that the call was made in response to an ongoing emergency and thus does not contain "testimonial" statements for purposes of the Confrontation Clause. See Davis v. Washington, 547 U.S. 813, 827 (2006). The government contends that the call is substantive evidence that defendant committed the charged offenses on December 4, 2018. Alternatively, the call could be offered, not to prove the truth of the matters asserted, but merely to provide background information on the events of that day and to explain why the police responded. (R. 19 at 1-2.)

For several reasons, I deny the government's motion.

First, the government fails to address the fact that the call appears to contain hearsay within hearsay. See Fed. R. Evid. 805; see also United States v. Borrasi, 639 F.3d 774, 780 (7th Cir. 2011) ("[C]ourts may not permit the introduction of hearsay contained within hearsay unless each layer is properly admitted under an exception to Rule 802."). At several points the caller appears to ask others to provide information about the robbery and the robber, which the caller then relays to the 911 dispatcher. Perhaps the statements from the others could be admitted under the same hearsay Rules, but the government has not attempted to make that

---

[1]The government submitted a copy of the recording and a transcript of the call.

showing.

Second, given the fact that the caller relies on others for information, it is unclear what, if anything, she personally observed. See United States v. Boyce, 742 F.3d 792, 797 (7th Cir. 2014) (holding that for the present sense impression exception to apply "the speaker must have personally perceived the event or condition described"). The excited utterance exception is somewhat broader, see id. at 798, and the fact that the caller answered questions, rather than giving a spontaneous narrative, does not preclude application of that exception, see United States v. Joy, 192 F.3d 761, 767 (7th Cir. 1999). Nevertheless, the context of this call, in which there appears to be a relatively composed exchange of information between the caller, others present on the scene, and the 911 dispatcher, the level of excitement necessary for admission under Rule 803(2) is lacking.

Finally, while the government seeks admission under Rules 803(1) and (2), it fails to present a convincing argument on the basic issue of relevance. See Fed. R. Evid. 401. As indicated above, based on the parties' submissions and statements at previous hearings, it will likely not be disputed that on December 4, 2018, defendant entered the bank, took money, and left, and that the police responded. The persons inside the bank who witnessed defendant's conduct can testify as to what they saw. The government does not persuasively explain how playing a call relaying previous statements about what these people saw would assist the jury. Nor does the government explain why it is necessary to play the call (rather than soliciting live testimony from officers) in order to advise the jury of the police response. Whatever marginal relevance the call may have is outweighed by the danger of wasting time and needlessly

3

presenting cumulative evidence.  See Fed. R. Evid. 403.[2]

### III.

**THEREFORE, IT IS ORDERED** that the government's motion in limine for pre-trial admission of 911 call (R. 19) is denied.

Dated at Milwaukee, Wisconsin, this 8th day of April, 2019.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[2] Because I exclude the call under the Rules of Evidence, I need not address the constitutional issue.  Nevertheless, it does appear that the primary purpose of this call was to establish the facts of a past crime and identify the perpetrator.  See Davis, 547 U.S. at 826.

4